HOOD, Judge.
This is a workmen’s compensation suit instituted by Davis Verrett against Liberty Mutual Insurance Company, the insurer of plaintiff’s former employer, F. Miller & Sons, Inc. Judgment was rendered by the trial court in favor of plaintiff, awarding him compensation benefits based on total and permanent disability, plus penalties and attorney’s fees. Defendant has appealed.
The issues are: (1) Has plaintiff been disabled since September 4, 1968, that being the date on which defendant discontinued the payment of compensation bene *408 fits? (2) Is plaintiff entitled to receive penalties and attorney’s fees ?
Verrett sustained a back injury during the course of his employment as a pile driver for F. Miller & Sons, Inc., on June 11, 1968. While operating a 100 pound pneumatic jack hammer, he stepped on an air hose which rolled beneath his foot and that caused him to lose his balance. He succeeded in regaining his balance, but in doing so he twisted or wrenched his back.
Plaintiff testified that he felt a burning sensation in the lower part of his back immediately after the accident occurred, and that he has suffered pain in the low back area continuously since that time, with some pain radiating down his left leg. He has worked at other jobs since the accident occurred, but he stated that as a result of this injury to his back he has never been able to operate a jack hammer or to perform some of the other strenuous manual labor required of a pile driver.
Dr. W. L. Fisher, a general practitioner, examined plaintiff on June 12, 1968, and diagnosed his injury as a “mild to moderately severe lumbosacral strain.” He stated that Verrett had “a transitional sacrum one” and.“a congenital defect in L-5,” but he found no slipping of one vertebra on the other, and he concluded that plaintiff did not have a spondylolisthesis. He treated Verrett from June 12 until September 4, 1968, and he discharged him on the last mentioned date as having fully recovered from his injury and as being able to return to his former employment.
At Dr. Fisher’s request, plaintiff was examined by Dr. Norman P. Morin on July 19, 1968, and by Dr. Jerome W. Ambrister on August 13, 1968. Both of these examining physicians are orthopaedic surgeons, and both concluded that plaintiff was disabled from performing manual labor at the times they examined him. Dr. Morin found that plaintiff had a “first degree spondylolisthesis of L-5,” that he was suffering from a “disc like syndrone” at the time of the examination, and that he was disabled from returning to the work of a pile driver. He assigned as one probable cause of plaintiff’s disability “a disc herniation superimposed on a first degree spon-dylolisthesis.” Dr. Ambrister found that plaintiff had a “transitional first sacral vertebra, and a defect in the pars interarticu-laris on one side.” He concluded that plaintiff was experiencing nerve root irritation, and was unable to return to his usual type of work. Dr. Fisher declined to accept the opinions expressed by these two specialists, and he concluded that plaintiff had fully recovered from his injury by September 4, 1968.
After being discharged by Dr. Fisher, plaintiff went to Dr. Wilson D. Morris, a general practitioner, and he was treated by Dr. Morris from November 2, 1968, until January 17, 1969. The treatment administered included hospitalization from November 2 until November 16, 1968, where traction was applied and physiotheraphy and pain relieving drugs were administered. While in the hospital plaintiff was examined by Dr. George P. Schneider, an ortho-paedic surgeon, and he was examined again by Dr. Ambrister. Dr. Morris and Dr. Schneider found that Verrett had a Grade I spondylolisthesis of L-5 on S — 1, with slippage of one vertebra over another, and that this condition had been aggravated and made symptomatic by the lumbo-sacral strain which plaintiff sustained on June 11, 1968. They concluded that as a result of the accident plaintiff was disabled from performing manual labor, and they recommended that a myleogram be performed and that thereafter a lamenectomy be done to fuse the above mentioned vertebra of his lower back together. Dr. Am-brister observed that plaintiff was either experiencing more discomfort or was less cooperative on the second examination than he had been before, and he felt that his second examination was inconclusive. He found the same back condition which he had noted on his first examination, however, and he recommended that a my-leogram be performed to enable him to make a more definite diagnosis. Up to the *409 time of the trial, plaintiff had not submitted to either a myleogram or to surgery.
We think the testimony of the medical experts preponderates to the effect that plaintiff sustained a lumbosacral strain in the accident which occurred on June 11, 1968, and that that injury aggravated a pre-existing back condition which he had, causing his back to become symptomatic and disabling him from performing a substantial part of the duties of a pile driver.
Other evidence presented at the trial indicates that plaintiff has been employed a substantial part of the time since this accident occurred. At various times he has worked as a pipefitter, a welder and as a salesman of pharmaceutical supplies. From September, 1969, until the date of the trial, in March, 1970, he worked on a pile driving crew, but the evidence shows that his duties on that job have been limited to “flagging” or to welding, which are considered to be non-strenuous or light duties. He has never used a jack hammer since the date of the accident.
The evidence also shows that plaintiff was involved in an automobile accident in August, 1966, in another such accident in July, 1967, and in a work connected accident in April, 1967. Defendant contends that any disability which plaintiff may have now should be attributed to one of these accidents rather than to the one which occurred on June 11, 1968. The evidence convinces us, however, as it apparently did the trial judge, that plaintiff had fully recovered from the injuries which he sustained in all of those accidents before June 11, 1968, and that he was able to do the strenuous work of a pile driver, including the use of a jack hammer, before the accident involved here occurred.
Our conclusion is that as a result of the accident which occurred on June 11, 1968, plaintiff sustained a lumbosacral strain which aggravated a pre-existing back condition which he had, causing it to become symptomatic and disabling plaintiff from performing a substantial part of the duties of a pile driver. The evidence does not indicate when he may recover from this injury. We find no error, therefore, in the judgment of the trial court, which condemns defendant to pay weekly compensation benefits to plaintiff for a period of 400 weeks, subject to a credit for the compensation previously paid.
We turn now to the question of whether the trial judge erred in condemning defendant to pay penalties and attorney’s fees.
Defendant paid compensation benefits to plaintiff at the rate of $35.00 per week from the date of the accident until September 4, 1968. It discontinued payment of benefits on the last mentioned date because of a report which it received from Dr. Fisher, the treating physician, to the effect that plaintiff had fully recovered from his injuries and was able to return to his job.
The evidence shows, however, that plaintiff was examined by two orthopaedic surgeons at the request of and before he had been discharged by Dr. Fisher. Both of those specialists submitted written reports to defendant before September 4, 1968, stating that in their opinion plaintiff was disabled from performing manual labor, and defendant thus had those reports before the payment of compensation benefits was discontinued.
The evidence also shows that within three months after the payment of compensation benefits was discontinued, plaintiff was re-examined by one of the above mentioned orthopaedic surgeons, and he was examined or treated by two other doctors, a general practitioner and an orthopaedic surgeon, all of whom concluded that plaintiff was disabled and that he could not return to his duties as a pile driver. At least one of these examining physicians submitted a report directly to defendant on November 12, 1968. No compensation benefits were paid to plaintiff after September *410 4, 1968, however, and suit was not filed by plaintiff until more than seven months after such payments were discontinued.
Under these circumstances, we agree with the trial judge that defendant was arbitrary and capricious in discontinuing the payment of compensation benefits on September 4, 1968, or in failing to resume such payments after plaintiff was hospitalized and treated in November, 1968. Plaintiff thus is entitled to recover penalties and attorney’s fees. No issue has been raised as to the amount of the award made by the trial court as attorney’s fees.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.